UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2009 JVS (JCGx) | Date | January 7, 2016 |
| Title | Tampa Trust UTD 062813 et al. v. Stuart R. Cooper, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) **Order GRANTING Plaintiff's Motion to Remand**

Plaintiff Tampa Trust UTD 062813, Gerald A. Lemoine, Trustee ("Tampa Trust"), filed a motion to remand this action to Orange County Superior Court. Mot., Docket No. 7. Defendants Stuart R. Cooper and Patricia Cooper (collectively, "Coopers") have not filed timely opposition or notice of non-opposition. For the following reasons, the Court **grants** Tampa Trust's motion to remand.

## 1.     Background

On October 21, 2015, Tampa Trust filed an unlawful detainer action against the Coopers in Orange County Superior Court. Complaint ("Compl."), Notice of Removal at 13, Docket No. 1. On December 2, 2015, the Coopers filed a notice of removal seeking to remove the unlawful detainer action to this Court under 28 U.S.C. §§ 1334, 1442, and 1443. See Notice of Removal at 1-2. On December 8, 2015, Tampa Trust filed a motion to remand this action to Orange County Superior Court for lack of subject-matter jurisdiction. Mot.

## 2.     The Court lacks subject-matter jurisdiction over the action.

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if original jurisdiction would lie in federal court. City of Chicago v. Int'l College of Surgeons, 522 U.S. 56, 163 (1997). The removing party has the burden of showing removal was proper, i.e., there are grounds for federal jurisdiction and the removing party complied with all procedural requirements for removal. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The removing party may show that removal was proper by submitting summary-judgment-type evidence. Matheson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2009 JVS (JCGx) | Date | January 7, 2016 |
| Title | Tampa Trust UTD 062813 et al. v. Stuart R. Cooper, et al. | | |

Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations and speculative assertions are insufficient to meet this burden, however. See, e.g., Matheson, 319 F.3d at 1090-91; Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In any case, the Ninth Circuit has directed that courts must "strictly construe the removal statute against removal jurisdiction," and that "any doubt as to the right of removal" is resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As explained below, the Coopers have failed to establish subject-matter jurisdiction over this action.

    2.1.    Federal question jurisdiction

Under 28 U.S.C. § 1331, federal jurisdiction is proper if the case arises under federal law. 28 U.S.C. § 1331. To establish "federal question" jurisdiction under 28 U.S.C. § 1331, the federal question generally must appear on the face of the plaintiff's initial complaint. See Okla. Tax Comm'n v. Graham, 489 U.S. 838, 840 (1989). Defenses and counterclaims based on federal law may not normally serve as the jurisdictional basis for removal. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-32 (2002).

Here, Tampa Trust's unlawful detainer action under Cal. Civ. Proc. Code § 1161a raises no question of federal law. See Compl. at 1. The Coopers' federal defense related to "false securitization," see Notice of Removal at 2, does not by itself make removal proper. Vornado, 535 U.S. at 831. Accordingly, the Court lacks federal question jurisdiction over the action.

    2.2.    Diversity jurisdiction

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). To satisfy the amount in controversy requirement, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a).

Here, there is no basis for diversity jurisdiction because the amount of relief sought

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2009 JVS (JCGx) | Date | January 7, 2016 |
| Title | Tampa Trust UTD 062813 et al. v. Stuart R. Cooper, et al. | | |

is less than the jurisdictional minimum of $75,000: the underlying unlawful detainer complaint seeks less than $10,000 in damages, Compl. ¶ 1c, and the Coopers have not shown that the amount in controversy otherwise exceeds $75,000.

    2.3.    28 U.S.C. § 1334

    The Coopers allege that removal is proper under 28 U.S.C. § 1334. Under § 1334, federal district courts have original and exclusive jurisdiction over cases and proceedings arising under federal bankruptcy law. See 28 U.S.C. § 1334(a). This unlawful detainer action arises under California state law, not federal bankruptcy law. See Compl. at 1 (asserting claim under Cal. Civ. Proc. Code § 1161a). Accordingly, the Court lacks federal jurisdiction under 28 U.S.C. § 1334.

    2.4.    28 U.S.C. § 1442

    The Coopers allege that removal is proper under the federal officer removal statute, 28 U.S.C. § 1442. Under § 1442, federal officials (or persons acting under their direction) may remove a state court action to federal district court when the action asserts claims arising out of their performance of official duties. See 28 U.S.C. § 1442(a)(1)-(4). When, as here, a private party seeks removal under § 1442, the party must show that: "(a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims, and (c) it can assert a 'colorable federal defense.'" Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (citations omitted).

    The Coopers do not allege whether (and, if so, how) the Coopers were "acting under" the direction of a federal officer in the events giving rise to the unlawful detainer action. See Notice of Removal at 2 (stating only that "Defendants invoke their right to remove under 28 U.S.C. § 1442, wherein Defendants may remove because they can assert a colorable defense in order to properly remove an action to federal court"). The Coopers have therefore failed to sustain their burden in establishing federal jurisdiction under § 1442. Emrich, 846 F.2d at 1195. Accordingly, the Court lacks federal jurisdiction under 28 U.S.C. § 1442.

    2.5.    28 U.S.C. § 1443

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-2009 JVS (JCGx)  Date  January 7, 2016

Title  Tampa Trust UTD 062813 et al. v. Stuart R. Cooper, et al.

The Coopers allege that removal is proper under the civil rights removal statute, 28 U.S.C. § 1443. Under § 1443, a defendant may remove a state court action to federal district court when the state court would prevent the defendant from asserting certain civil rights. 28 U.S.C. § 1443(1).[1] To remove a case under § 1443(1), defendants must satisfy a two-prong test. First, the defendant must assert, "as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." Patel v. Del Taco, 446 F.3d 996, 999 (9th Cir. 2006) (quoting Cal. v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970)). Second, the defendant must assert that "the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." Patel, 446 F.3d at 999 (quoting Sandoval, 434 F.2d at 636).

The Coopers fail to satisfy either prong. First, the Coopers do not assert, as a defense to unlawful detainer, any right provided by "an explicit statutory enactment protecting equal racial civil rights." Id. at 999 (emphasis added). Instead, the Coopers assert civil rights related to their status as homeowners, with no reference to race. See Notice of Removal at 5-6 (asserting "civil rights discrimination based on membership in a discrete and politically disadvantaged class of homeowners, compared with a broad and politically powerful class of bankers and credit managers"). Second, the Coopers do not identify any California statute or constitutional provision "that purports to command the state courts to ignore the federal rights." Patel, 446 F.3d at 999. The Coopers state only that California state courts have insulated the foreclosure process from judicial review. See, e.g., Notice of Removal at 7 ("[I]t is the policy of the California State Courts to insulate the illegal mortgage foreclosure process from judicial review to the Maximum extent possible."). Conclusory allegations of discrimination against homeowners by state courts untethered to an express state statute or constitutional provision do not provide jurisdiction under § 1443(1). See Bogart v. Cal., 355 F.2d 377, 380-81 (9th Cir. 1966). Accordingly, the Court lacks federal jurisdiction under 28 U.S.C. § 1443(1).

**3.    Conclusion**

---

[1] Alternatively, 28 U.S.C. § 1443(2) allows for removal of certain actions involving federal or state officers (or persons assisting such officers) performing official duties under color of federal civil rights law. City of Greenwood v. Peacock, 384 U.S. 808, 828 (1966). The Coopers do not assert that removal is proper under § 1443(2) and, regardless, this section would not apply here. See Section 2.4, above. Accordingly, the Court addresses removal under only § 1443(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-2009 JVS (JCGx)    Date  January 7, 2016

Title  Tampa Trust UTD 062813 et al. v. Stuart R. Cooper, et al.

For the reasons stated above, the Court **grants** Tampa Trusts's motion to remand and **remands** the case to Orange County Superior Court. The Court **vacates** the January 11, 2015 hearing on this motion. Fed. R. Civ. P. 78; L-R 7-15.

**Counsel for plaintiff shall prepare, serve and submit a proposed order of remand forthwith.**

IT IS SO ORDERED.

:    00

Initials of Preparer    kjt